FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**August 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

BRYAN KEITH SMITH,

    Defendant–Appellant.

No. 11-2234
(D.C. No. 1:99-CR-00505-JCH-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Bryan Smith challenges the sentence he received for violating the terms of his

supervised release. Smith's counsel moves for leave to withdraw in a brief filed pursuant

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to <u>Anders v. California</u>, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we dismiss the appeal and grant counsel's motion to withdraw.

## I

After serving 120 months in prison for aggravated child sexual abuse, Smith began a five-year period of supervised release in May 2009. He was reincarcerated briefly in October 2010 and for several months beginning in February 2011 for violating the terms of his release. In August 2011, Smith was again released from custody, and in October, he pled guilty a third time to violating the conditions of his supervised release. For this violation, the district court sentenced Smith to the high end of the Guidelines range: nine months' imprisonment followed by thirty-six months' supervised release. Smith appealed this sentence, and his appointed counsel now seeks leave to withdraw, asserting there are no issues of merit in this appeal.

## II

An attorney may seek leave to withdraw if, after conscientiously examining a case, he or she determines that an appeal would be wholly frivolous. <u>Anders</u>, 386 U.S. at 744. Under these circumstances, counsel must submit a brief highlighting any potentially appealable issues, and the defendant may file a brief pro se. <u>Id.</u> If the court determines that the appeal is in fact frivolous based on its independent review of the record, we will grant the request to withdraw and dismiss the appeal. <u>Id.</u> Smith has not filed a pro se

brief in this case.

We agree with counsel that there is no non-frivolous basis for appeal. The record does not contain any reason to suspect that the district court improperly calculated Smith's Guidelines range, and sentences that fall within this range are presumptively reasonable. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). Further, we conclude that there is no plausible argument that Smith can overcome this presumption.

## III

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge